# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY J. REED, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CR412-145 |
| UNITED STATES OF AMERICA, | ) ) ) | CV413-201 |
| Respondent. | ) | |

## ORDER

Yet again this Court is confronted by a 28 U.S.C. § 2255 movant who claims he told his lawyer to file a direct appeal from his conviction, yet none was filed. Doc. 39 at 23; doc. 49 at 9-11.[1] Anthony J. Reed's § 2255 motion fits into a series of "lost appeal" cases where defendants claim they told their lawyer to appeal their conviction but the lawyer failed to do so, or (sometimes) even consult with them about their appeal rights. Typically the government responds (as it did here, doc. 48 at 13-14) with the lawyer's affidavit on whether she conferred with the client

---

[1] All record citations are to the criminal docket (CR412-145). Pinpoint citations are to the page number the electronic case filing system assigns automatically to the upper right hand corner of each page.

and obtained his election not to appeal. In the face of a defendant's contrary claim, the government then concedes, also as it has done here, the need for a hearing. *Id.* at 14.

That duty-to-confer and appeal-filing step[2] has too often been mishandled. *See, e.g., Pinckney v. United States*, 2010 WL 5497793 at *1

---

[2] Counsel's failure to abide her client's wish to appeal typically results in a *per se* ineffectiveness finding, *United States v. Oliver*, 2014 WL 1249192 at * 4 (E.D. La. Mar. 26, 2014) (finding *per se* ineffectiveness in disregarded appeal-request case, then granting a new appeal), thus entitling the defendant to a new appeal:

> The appeal of a federal conviction is "a matter of right," *Coppedge v. United States*, 369 U.S. 438, 441, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), and thus "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id.*; *Diaz–Maldonado v. United States*, 2010 WL 5179201 at * 1 (N.D.Ga. Nov. 18, 2010), *adopted*, 2010 WL 5276982 (N.D. Ga. Dec.15, 2010) (granting movant a new appeal).

*Young v. United States*, 2012 WL 1970853 at * 1 (S.D. Ga. May 7, 2012).

Where the defendant does not instruct his lawyer to file an appeal, counsel still has a duty to consult with him. But her failure to do so does not automatically demonstrate ineffectiveness. Under *Roe*, a movant must show that, under the circumstances of his case a rational defendant would have wanted to appeal -- *or* that he reasonably demonstrated to counsel that he was interested in appealing. WAYNE R. LAFAVE, 3 CRIM. PROC. § 11.6(b) (3d ed. Dec. 2013).

In that regard, a highly relevant factor would be whether the conviction rests on a guilty plea, since that can reduce the scope of potentially appealable issues and indicate that the defendant seeks an end to judicial proceedings. *Id.* And with a guilty plea, "other circumstances also must be considered in assessing whether counsel should reasonably have assumed that the defendant had an interest in an appeal. Those circumstances include[] whether the defendant received the sentence bargained for and whether the plea expressly reserved or waived some or all appeal rights." *Id.* (quotes and footnote omitted).

n. 1 (S.D. Ga. Dec. 3, 2010) (collecting cases); *Datts v. United States*, 2012 WL 5997803 at * 2 (S.D. Ga. Oct. 24, 2012) (granting new appeal following attorney bungle). This Court therefore created a reminder "Notice Of Counsel's Post-Conviction Obligations" (Notice) to be furnished to counsel and client immediately after each conviction. *See Baughman v. United States*, 2008 WL 3861991 at *3-6 (S.D. Ga. Aug. 18, 2008) (copy of that form).[3] It reminds counsel of the appellate rights that must be upheld. *See supra* n. 2. It also contains a form that "requires both attorney and client to consult about the defendant's appellate rights, then execute and file the Notice, thus memorializing that consultation and the defendant's [appeal-or-not-appeal] decision."[4] *Guyton v. United States*, 2013 WL 1808761 at * 2 n. 6 (S.D. Ga. Apr. 29, 2013). Many lawyers have complied. *See, e.g., United States v. Elliot,*

---

[3] The failure to do that can result in substantial costs to both counsel and the Court system. *See Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug.9, 2011) ("It is not difficult to estimate that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national debt."), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011); *Reese v. United States*, 2012 WL 70680 at *1 (S.D. Ga. Jan. 9, 2012).

[4] Note that "[n]either the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review." GA. CRIMINAL TRIAL PRACTICE § 7-5 (2013-2014 ed.).

CR-413-115, doc. 68 (S.D. Ga. Apr. 2, 2014) ("Notice of Post-Conviction Consultation Certification").

But some do not, as apparently happened here, even though court staff and even prosecutors have been urged to remind them, *Young,* 2012 WL 1970853 at * 1 n. 3, and probably the Court should start conditioning Criminal Justice Act fee payments upon Notice compliance. *See* doc. 38 (Fleming was paid $4869.51 in CJA funds for her work in this case). Reed states, under penalty of perjury, that "right after my sentencing was over I requested that my attorney file my appeal, and she [Lynne M. Fleming] said she would." Doc. 39 at 19, 23. No Notice of Appeal is in the record. Nor did Fleming file the above-noted Notice.[5]

In response, Fleming says only that "[a]t sentencing on March 1, 2013, the Court advised Reed that he had a right to appeal. Reed never instructed me to file an appeal." Doc. 48-1 at 4 (paragraph numbers omitted). Hence, Fleming does not affirmatively attest that she upheld her duty to confer with Reed by meeting with him, explaining his

---

[5] The record does not show whether Fleming was provided with one. The Court **DIRECTS** the Clerk to serve *all* lawyers with a copy of that Notice, in *all* criminal cases, upon counsel's appearance. The Clerk shall also docket-note that service.

4

appellate rights, and obtaining his written election on the Court's Notice form.

The Court **DIRECTS** Fleming to attest whether she upheld her *Roe* duty to confer.[6] That affidavit is due (the government shall ensure that she files it) within 14 days of the date this Order is served. Meanwhile, the Deputy Clerk shall schedule an evidentiary hearing on Anthony J. Reed's "lost-appeal" issue and select counsel to represent him at that hearing. *See* 28 U.S.C. § 2255 Rule 8(c).[7] The Court will reach his remaining § 2255 issues in a post-hearing ruling.

---

[6] Note that a *live* evidentiary hearing is not always necessary:

> When the judge that tried the underlying proceedings also presides over the § 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner. The court may forgo a full hearing and instead request letters, documentary evidence, and affidavits to aid in its resolution of the claim.

*Lin Guang v. United States*, 2013 WL 870266 at * 2 (S.D.N.Y. Mar. 7, 2013) (quotes, alterations and cites omitted).

[7] This is required where the movant, as does Reed here, qualifies for appointment of counsel under 18 U.S.C. § 3006A -- he qualified for appointed counsel at the inception of this case. *See Nguyen v. United States*, 487 F. App'x 484, 4845 (11th Cir. 2012) (directing district court to appoint counsel for § 2255 movant, then resolve ineffective-assistance claim during required evidentiary hearing).

5

**SO ORDERED**, this 4th day of April, 2014.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA