# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY J. REED, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | Case No. CR412-145 |
| | ) | CV413-201 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

In this 28 U.S.C. § 2255 motion, the Court is once again faced with a claim that a defendant's attorney failed to protect her client's right to appeal his sentence.[1] After conducting an evidentiary hearing, the Court finds that counsel was constitutionally ineffective in failing to file a notice of appeal in this case. Accordingly, movant is entitled to an out-of-time appeal.

---

[1] Because of the frequency of such claims, the Court developed a form designed both to (1) remind counsel of their post-conviction obligation to discover their client's informed wishes regarding on appeal and (2) memorialize that consultation. Defense counsel did not utilize that form in this case (and she did not recall ever receiving the form, although the clerk's minutes at sentencing reflect otherwise). Had she done so, the expense of conducting an evidentiary hearing and the appointment of new counsel for movant at that hearing would almost certainly have been unnecessary.

Anthony Reed pled guilty on August 3, 2013 to theft of government property in violation of 18 U.S.C. § 641. Pursuant to a plea agreement, he stipulated that the amount of the loss exceeded $70,000. After determining that the loss amount was in fact $101,299.69 and that the offense involved ten or more victims, the probation officer calculated in the Presentence Investigation Report ("PSI") that Reed's sentencing guidelines range was 51 to 63 months' imprisonment. After Reed ultimately withdrew his objections to the PSI, the Court adopted its factual statements and guidelines calculations and sentenced Reed to 60 months' imprisonment.

Reed filed no appeal, but a few weeks after the appeals deadline passed, he timely filed this § 2255 motion. He raises four grounds for relief, including a claim that his defense attorney "disregarded [his] request for an appeal." Doc. 1 at 4 (Ground One). Because the Court finds that there is merit to Reed's claim that his attorney was ineffective in failing to preserve his appellate rights, he is entitled to an out-of-time appeal. It is therefore unnecessary to address at this time the other grounds asserted in his § 2255 motion.

At the hearing on Reed's motion, undisputed evidence established that he neither expressly instructed his attorney to file an appeal[2] nor directed that an appeal not be taken. The proper analytical framework for evaluating counsel's effectiveness in this situation (where the defendant has not clearly expressed his wishes regarding an appeal one way or the other) was set forth by the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The court must ask three separate questions: (1) did counsel properly consult with his client about an appeal; (2) if not, did counsel have a duty to consult under the particular circumstances of the case; and (3) if counsel had, but failed to honor, a duty to consult, did the defendant suffer any prejudice as a result of counsel's deficient performance. *Id.* at 478-84.

---

[2] While Reed conceded (contrary to Ground One of his motion) that he never directed his attorney to pursue an appeal, the Court permitted the hearing to proceed on the closely related question of whether counsel violated a duty to consult with him about an appeal. *See Cunningham v. United States*, 378 F. App'x 955, 998 n. 1 (11th Cir. 2010) (a claim that an attorney was ineffective in failing to file a requested notice of appeal subsumes the related question of whether the attorney had a duty to consult about an appeal). In this case, the failure-to-consult claim was presented within one year of the date Reed's conviction became final, and therefore was timely under 28 U.S.C. § 2255(f). But even if the failure-to-consult claim had been outside the limitations period, because such a claim involves the same "common core of operative facts" as a claim that defense counsel ignored defendant's instructions that an appeal be filed, *Mayle v. Felix*, 545 U.S. 644, 664 (2005), the untimely asserted claim "relates back" to the timely filed § 2255 motion under Fed. R. Civ. P. 15(c)(1). *Tyrone Fields v. United States*, CV411-044, doc. 28 (order entered Sept. 1, 2011).

The Supreme Court defined the term "consult" as having "a specific meaning -- advising the defendant about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to discover the defendant's wishes." *Id.* at 478 (emphasis added). The Court made clear "that the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal," *id.* at 479, and that it expected the lower courts to find the existence of such a duty "in the vast majority of cases." *Id.* at 481. Nevertheless, it refused to adopt a *per se* rule that the duty to consult exists in every case. Instead, the Court held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. This "circumstance-specific" inquiry, *id.* at 478, requires the court to "take into account all the information counsel knew or should have known" at the time of sentencing. *Id.* at 480.

The Court accepts the testimony of defense counsel, Lynne Fleming, that she spent considerable time (10 hours or more) with her client prior to sentencing, and that during these conversations she explained not only his right to appeal his sentence but also the potential advantages and disadvantages of an appeal should he be sentenced within the guidelines range set forth in the PSI. She also expressed her view that there would be no meritorious grounds to raise on appeal. After sentencing, Ms. Fleming had a very brief conversation with Reed while he was still seated in the courtroom. When he asked "what about my appeal," Fleming simply repeated the district judge's advice that he had 14 days to take an appeal. The record establishes, however, that Fleming never specifically asked Reed whether he wanted to appeal.

"Simply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense." *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007). An attorney's obligation to "consult" with her client requires not only that she discuss the wisdom of taking an appeal but also that she make "a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Here, the "record is clear that no reasonable effort was made to

discover [Reed's] informed wishes regarding an appeal." *Thompson*, 504 F.3d at 1207.

Nor is there any doubt that, under the particular circumstances of this case, counsel had a clear duty to consult with her client. The government has never suggested that this is one of the rare cases where no such duty existed. And for good reason, for it is undisputed that Reed -- whether validly or not -- was unhappy with both the guideline range calculated by the probation officer in the PSI[3] and by his 60-month sentence. Indeed, Fleming conceded that her client believed that a 60-month sentence was unfair since other participants in the criminal scheme had received far lighter sentences (even though she tried to explain to him that this was not a reasonable belief given his role in the offense). A duty to consult with the defendant about an appeal arises when counsel has reason to believe *either* that a rational defendant would want to appeal *or* "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Fleming knew that Reed believed his sentence to be unfair and that he had only reluctantly abandoned his objections to

---

[3] Reed reluctantly withdrew his objections to the PSI after the government pointed out that he might lose acceptance of responsibility under the guidelines if he persisted with his frivolous objections.

the PSI. As in *Thompson*, Reed "demonstrated an interest in an appeal by asking his attorney about that right" at sentencing. 503 F.3d at 1208. "Under these circumstances Counsel had a clear duty to consult with [Reed]," *id.*, regardless of her belief that Reed had no viable grounds to raise on appeal.

In addition to demonstrating that Fleming's representation was constitutionally deficient, Reed must also show that he was prejudiced as a result of that deficient performance. *Flores-Ortega*, 528 U.S. at 477 (adopting the familiar two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) for assessing claims that counsel was ineffective in failing to file a notice of appeal). To establish such prejudice, a movant need only show that it was reasonably likely that he would have pursued an appeal; he does not need to show that he had any meritorious claims, much less a substantial chance of succeeding on appeal. *Flores-Ortega*, 528 U.S. at 484. The record establishes that Reed was exceedingly displeased with the sentence he received, despite his withdrawal of his objections to the PSI and despite counsel's efforts to explain that he could not reasonably expect to receive the lighter sentence imposed on some other, less culpable participants in the

criminal scheme. *See Thompson*, 504 F.3d at 1208 (movant established prejudice through evidence that he "was dissatisfied with what he perceived to be a disparate sentence compared to his similarly-situated co-defendants."). The Court finds that even though Reed may have had no non-frivolous grounds for appeal, there is a reasonable probability that he would have appealed but for counsel's deficient failure to ask him directly whether or not he wished to take an appeal.

To summarize, counsel had a duty to consult with Reed regarding an appeal, she failed to do so within the meaning of *Flores-Ortega*, and that failure prejudiced Reed. Reed's § 2255 motion, therefore, should be **GRANTED** so he may pursue a direct appeal of his conviction.

In *United States v. Phillips,* 225 F.3d 1198 (11th Cir. 2000), the Eleventh Circuit set forth the procedure courts are to follow when granting out-of-time appeals. Pursuant to *Phillips* (1) the judgment in Reed's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) Reed should be informed of all of his rights associated with filing an appeal of his re-imposed sentence, and (4) Reed should be advised that he has 14 days from the date of the re-imposition of his sentence to file a timely appeal in accordance with

Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. *Phillips*, 225 F.3d at 1201. As it is clear that Reed desires to appeal, the Court should instruct the Clerk to file a Notice of Appeal on his behalf as soon as the new judgment is entered. Because Reed is entitled to the assistance of counsel on direct appeal, the attorney appointed to represent him during the § 2255 evidentiary hearing should continue to represent him on appeal.

**SO REPORTED AND RECOMMENDED** this 2nd day of June, 2014.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**